UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:11-cr-00380-LRH-CWH |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| JAMES ARTHUR ROBBINS, ) | |
| ) | |
| Defendant. ) | |

Before the court is Defendant James Robbins' ("Defendant") Motion to Withdraw Guilty Plea (Doc. #51)[1] and the Government's Response (Doc. #52). After carefully reviewing the Defendant's Motion, the Government's Response, and the transcript from Defendant's change of plea hearing (Doc. #49), the court denies the Defendant's Motion.

**I. Facts and Background**

On March 8, 2012, the Defendant, at a change of plea hearing and pursuant to a plea agreement, pled guilty to two counts of Distribution of a Controlled Substance – Marijuana and one count of Possession of a Controlled Substance with Intent to Distribute – Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Based on the sentencing calculations in the plea agreement, the Defendant expected a contemplated sentencing range significantly lower than the sentencing range recommended by the United States Probation Office's Presentence Report. In response, the Defendant filed the present Motion to Withdraw Guilty Plea. (Doc. #51). In his motion, the Defendant claims he did not have full knowledge of his sentencing range at the time of his plea, and his plea should therefore be set aside.

---

[1] Refers to the court's docket number.

## II. Discussion

To enter a valid guilty plea, a defendant must understand "any maximum possible penalty, including imprisonment, fine, and term of supervised release." FED. R. CRIM. P. 11(b)(1)(H). Following a guilty plea, a defendant may withdraw the guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). To determine what constitutes a "fair and just reason" to withdraw, courts consider such factors as whether the defendant has challenged the adequacy of the Rule 11 plea colloquy, whether new evidence has been discovered, and whether there exist other intervening circumstances. *See United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987); *see also United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990); *United States v. Cedano-Perez*, No. 2:09-CR-421, 2012 WL 1292448, *1 (D. Nev. Apr. 16, 2012). Additionally, "it is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea." *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990); *see also Cedano-Perez*, 2012 WL 1292448 at *1.

Here, during the plea colloquy, the Defendant confirmed that he was informed as to how the sentencing guidelines would apply to him. Doc. #49, Change of Plea Tr., 20:19–22. He further confirmed he understood that the court's actual sentencing guideline range, informed in part by the Presentence Report, may differ from any attorneys' estimations, and any such difference would not be grounds upon which to withdraw the guilty plea. *Id.* at 20:23–21:12. Finally, the Defendant acknowledged that, when determining the sentence, the court may consider any conduct relevant to charges the Government had agreed not to prosecute. *Id.* at 22:10–16.

Based on the plea colloquy, the court finds the Defendant had full knowledge of the potential range of sentences. The Defendant knew he could potentially receive a 20-year consecutive sentence on each of the three counts, and he conceded any disputes regarding quantities of controlled substances. *Id.* at 15:18–16:6. He further recognized that any sentence estimations in the plea agreement, including both length and type of sentence, were not binding on the court's sentencing determinations. Therefore, the court finds the Defendant's plea was

knowing and voluntary and that he has not provided a fair and just reason for withdrawing his guilty plea. Accordingly, the court shall deny his Motion to Withdraw Guilty Plea.

    IT IS THEREFORE ORDERED that Defendant's Motion to Withdraw Guilty Plea (Doc. #51) is DENIED.

    IT IS SO ORDERED.

    DATED this 30th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE